**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SONDRA J. ALLPHIN,<br><br>    Plaintiff,<br><br>  v.<br><br>PETER K. FITNESS, LLC;<br>PETER T. KOFITSAS;<br>FULCO FULFILLMENT, INC.;<br>and DOES 1-50, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS-CLAIM<br>AND IMPLEADER | Case No. 13-cv-01338-BLF<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

**I. INTRODUCTION**

Third-Party Defendant Ideal Jacobs (Malaysia) Corporation ("Ideal Jacobs Malaysia") moves to dismiss for insufficient service of process under FRCP 12(b)(5). Third-Party Plaintiffs Peter K. Fitness and Peter T. Kofitsas ("Peter K. Fitness") attempted to serve Ideal Jacobs Malaysia through Andrew Jacobs, Executive Chairman of Ideal Jacobs Malaysia, on January 23, 2014. Ideal Jacobs Malaysia contends that Andrew Jacobs was not authorized to accept service on its behalf because he is not a managing or general agent of the corporation. Therefore, Ideal Jacobs Malaysia claims service was not effectuated when Peter K. Fitness personally served Mr. Jacobs on behalf of the corporation. For the following reasons, the Court DENIES Ideal Jacobs Malaysia's motion.

**II. BACKGROUND**

On February 13, 2013, Plaintiff Sondra Allphin filed a strict product liability claim against Peter K. Fitness LLC, Peter T. Kofitsas, Fulco Fulfillment, Inc. and Does 1-50. (Compl., ECF 1-1) Plaintiff alleges that she suffered a severe injury to her left hand while properly using a "Peter K. Fitness Band." (*Id.* ¶ 1) Plaintiff claims that the band unexpectedly broke and lacerated her

1  left hand, causing complex regional pain syndrome as well as other physical and emotional
2  injuries.  (*Id.* ¶¶ 1, 4)
3        Defendant Peter K. Fitness filed a Third-Party Complaint (Impleader) against Ideal Jacobs
4  Corporation and Ideal Jacobs (Xiamen) Corporation ("Ideal Jacobs Xiamen") on March 25, 2013
5  for product liability indemnity, indemnity and contribution.  (Third Party Compl., ECF 4 ¶¶ 23-33)
6  Thereafter, Peter K. Fitness filed three amended third-party complaints adding and/or removing
7  parties from the action.  (ECF 38, 43, 61)  In the Third Amended Third-Party Complaint
8  ("TATPC"), Peter K. Fitness listed Ideal Jacobs Malaysia and Ideal Jacobs Xiamen as Third-Party
9  Defendants.  (TATPC, ECF 61)  Peter K. Fitness impleaded these corporations because it alleges
10 that they designed, constructed, assembled, fabricated, manufactured, distributed, and sold the
11 "Peter K. Fitness Band."  (*Id.* ¶¶ 32-34)
12       On January 23, 2014, Mr. Jacobs was served the Summons and TATPC in person at his
13 residence in New Jersey.  (Proof of Serv., ECF 75)  The Proof of Service stated that Ideal Jacobs
14 Malaysia had been served through Mr. Jacobs as "Chairman – Person authorized to accept
15 service."  (*Id.* at 1)  Ideal Jacobs Malaysia is a publicly owned corporation that is headquartered in
16 Kuala Lumpur.  (Opp. to Mot., ECF 79 at 3)  Mr. Jacobs is the Executive Chairman of Ideal
17 Jacobs Malaysia as well as the founder and President of Ideal Jacobs Corporation U.S.  (*Id.* at 4)
18 In addition to his titled position at Ideal Jacobs Malaysia, Mr. Jacobs acts as a "promoter" by
19 bringing business to the corporation, (Lompa Decl., ECF 79-1 ¶ 9, Exh. L at 5), and his company,
20 Ideal Jacobs Corporation U.S., is its largest major shareholder.  (*Id.* ¶ 5, Exh. G at 12)
21       Ideal Jacobs Malaysia now seeks dismissal of this action for insufficient service of process
22 claiming Mr. Jacobs was not the authorized agent for service of process for the corporation.
23 **III. LEGAL STANDARDS**
24       Federal courts lack personal jurisdiction over a defendant if service of process is
25 insufficient.  *See, e.g.*, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Under
26 FRCP 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process.
27 Fed. R. Civ. P. 12(b)(5).  "Once service is challenged, plaintiff[] bear[s] the burden of establishing
28 that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see*

*also* Fed. R. Civ. P. 4.  When factual issues exist, courts may hear evidence outside of the pleadings, including affidavits and depositions, in order to determine the facts.  *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57 (2d. Cir. 2002) (using evidence outside of the pleadings to determine validity of service of process on a corporation); *see also Covington v. United States*, No. 91-cv-01132-TEH, 1991 WL 11010699, at *1 (N.D. Cal. Dec. 20, 1991) (citing 5B Wright and Miller, Federal Practice & Procedure, § 1353 (3d ed.)).  "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process."  *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

Pursuant to Rule 4(h)(1)(B), valid service of process on a corporation, partnership, or association may be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).  Determining whether an individual is a "managing or general agent" depends upon "a factual analysis of that person's authority within the organization."  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Service may also be effected by any method authorized under the law of the state in which the district court sits, or the state in which service occurred.[1]  Fed. R. Civ. P. 4(h)(1)(A).

**IV. DISCUSSION**

Peter K. Fitness argues that it effectively served Ideal Jacobs Malaysia by delivering the Summons and TATPC to Mr. Jacobs, the Executive Chairman of the corporation.  (Opp. to Mot., ECF 79 at 1)  In its papers, Peter K. Fitness highlights Mr. Jacobs' executive position on the Board of Directors as well as his official duties within the corporation.  (*Id.* at 4-5)  Through his position on the Board, Mr. Jacobs wrote the most recent "Chairman's Statement," which provides an annual review of the corporation's financial and operational activities.  (*Id.* at 5)  He also acts as a

---

[1] Courts have analyzed the applicable state rules of civil procedure when service is found ineffective under the Federal Rules of Civil Procedure.  *See, e.g.*, *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, No. CV-05-03469-PHX-SMM, 2006 WL 1722314 (D. Ariz. June 22, 2006).  However, because the Court finds service sufficient in this case under the Federal Rules of Civil Procedure, such further analysis is not warranted.

3

"promoter" of the corporation by bringing business to Ideal Jacobs Malaysia and holds the largest number of shares in Ideal Jacobs Malaysia through his U.S. corporation. (*Id.* at 4) This information is supported by exhibits and information taken directly from Ideal Jacobs Malaysia's website. (*Id.* at 3)

Ideal Jacobs Malaysia asserts that Mr. Jacobs is not an officer, managing or general agent, or authorized by appointment or law to accept service of process on its behalf. (Mot., ECF 76-1 at 1-2) Although Mr. Jacobs holds the title of Executive Chairman of Ideal Jacobs Malaysia, he claims that he is nothing more than a "figurehead" for marketing purposes and that the duties he performs for the corporation do not qualify him as an agent for service of process. (*Id.* at 3) Mr. Jacobs states that he is not responsible for the daily operations of Ideal Jacobs Malaysia or decisions regarding its overall business strategy. (Jacobs' Decl., ECF 76-2 ¶ 6) He does connect Ideal Jacobs Malaysia with potential customers in the United States. (Mot. at 5) Further, Mr. Jacobs' corporation, Ideal Jacobs U.S., is a major shareholder of Ideal Jacobs Malaysia, but it is emphasized that these two seemingly affiliated companies are separate entities. (*Id.* at 4) He claims that he is "simply . . . affiliated with the company." (*Id.* at 6) Given these facts, Mr. Jacobs contends that his role within the corporation is limited and sporadic. (*Id.*)

In support of its contention, Ideal Jacobs Malaysia cites to *Gottlieb v. Sandia American Corporation*.[2] 452 F.2d 510 (3d Cir. 1971). In *Gottlieb*, the court held that service upon a majority shareholder of a corporation was not effective because he was not a "managing or general agent" of the corporation. *Id.* at 514-15. However, the instant action is distinguishable from *Gottlieb* because Mr. Jacobs is more than just a major shareholder of Ideal Jacobs Malaysia; he holds an executive position on the Board, runs the board meetings in Malaysia, and acts as a promoter bringing new business to the corporation. (Mot. at 5) *See, e.g.*, *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (finding that service on the president and

---

[2] Ideal Jacobs Malaysia also cites to the Ninth Circuit case *Wells Fargo & Company v. Wells Fargo Exportation Company*, but only to the portion that quotes *Gottlieb*. 556 F.2d 406, 423 (9th Cir. 1977). In *Wells Fargo Exportation*, the court determined a corporation's status as a "general agent," but for the purposes of subject matter jurisdiction and not authority for accepting service of process. *Id.* at 422-24.

controlling shareholder of a corporation was effective); *cf, e.g.*, *Pasadena Medi-Center Assocs. v. Superior Court of Los Angeles County*, 9 Cal. 3d 773, 774-76 (1973) (holding that a defendant corporation conferred authority to accept service on the corporation's behalf upon an individual, even though the corporation wrongfully represented the individual's titled position).

The Court disagrees with Ideal Jacobs Malaysia that Mr. Jacobs cannot accept service of process on behalf of the corporation. Mr. Jacobs' position as Executive Chairman of the corporation is undisputed and published on the website of Ideal Jacobs Malaysia. (Opp. to Mot. at 4) The website also provides descriptions of the Board's responsibilities, (Lompa Decl., ECF 79-1 ¶ 7, Exh. J at 13-15), as well as individual duties of Mr. Jacobs. (*Id.* at 10) Taking into account Mr. Jacobs' involvement and prominent title with Ideal Jacobs Malaysia, it is reasonable to consider him an officer or general agent that can accept service of process on behalf of the corporation. This is especially apt in a case such as this, where a domestic individual or company seeks to serve a foreign corporation, and that corporation has publically published that it has an executive who lives and works in the United States.

Even were Mr. Jacobs not considered an officer or managing or general agent of Ideal Jacobs Malaysia, service of process upon Mr. Jacobs would still be sufficient to provide notice to Ideal Jacobs Malaysia. The Ninth Circuit has liberally construed Rule 4 "to uphold service so long as a party receives *sufficient notice* of the complaint." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (emphasis added) (citing *United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Thus, "[s]ervice of process under Rule 4 is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Generally, if it is fair and reasonable to imply authority of an individual to receive service on behalf of a corporation, then service is sufficient. *Id.* (citing *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)). Service can be made "upon a representative so integrated with the organization that he will know what to do with the papers." *Direct Mail*, 840 F.2d 685, 688.

1    Here, it is reasonable to presume that serving Mr. Jacobs would provide effective notice to
2    Ideal Jacobs Malaysia. His executive position on the Board of Directors demonstrates a high level
3    of authority within the corporation. A reasonable person would conclude that he would "know
4    what to do with the papers." *See Direct Mail*, 840 F.2d 685, 689 (finding that service of process
5    on a receptionist in a shared office of the defendant corporation was sufficient because she would
6    "know what to do with the papers").

7    Moreover, Mr. Jacobs' duties as Chairman of the Board of Directors, and his additional
8    involvement in the operations of Ideal Jacobs Malaysia, add to his prominent appearance within
9    the corporation. He runs the board meetings for Ideal Jacobs Malaysia, which occur at least four
10   times a year. (Lompa Decl., ECF 79-1 ¶ 7, Exh. J at 14) The Board can also meet and confer
11   during any emergency situation, or if a decision needs to be made quickly. (*Id.*) According to the
12   company's website, "[t]he Board is responsible . . . for establishing and communicating the
13   strategic direction and corporate values of the Company." (*Id.* at 13) And even though specific
14   tasks are delegated to sub-committees of the Board, "the ultimate responsibility for decision-
15   making still lie with the Board." (*Id.*) Additionally, Mr. Jacobs is involved with marketing, sales,
16   and financial decisions within the corporation. (*Id.* at 10) He actively promotes Ideal Jacobs
17   Malaysia in order to bring the corporation more business. (Mot. at 5) He also wrote a review of
18   the financial and operational position of the corporation in order to inform the invested
19   shareholders. (Id. ¶ 5, Exh. E at 7-8) Further, Ideal Jacobs Corporation U.S., owned by Mr.
20   Jacobs, is listed as a major stockholder in all of the financial documents presented to the Court
21   from Ideal Jacobs Malaysia's website. (Exhs. G, L) Therefore, it is reasonable to imply that Mr.
22   Jacobs has the authority to accept service of process for Ideal Jacobs Malaysia.

23   Furthermore, evidence of actual notice is "a factor in finding process valid when there are
24   other factors that make process fair." *Direct Mail*, 840 F.2d 685, 689 (citing *Top Form Mills*, 428
25   F. Supp. 1237, 1251). Mr. Jacobs demonstrated actual notice of the instant action by having
26   already informed Ben Meng, the Chief Executive Officer, and Chen Shien Yee, the Chief
27   Financial Officer, of "a potential problem." (Lompa Decl., ECF 79-1 ¶ 9, Exh. L at 2-3) This
28   communication shows actual notice of the action and, therefore, makes serving Mr. Jacobs on

behalf of Ideal Jacobs Malaysia reasonable and fair.

## V. CONCLUSION

For the foregoing reasons, this Court DENIES Ideal Jacobs Malaysia's Motion to Dismiss for insufficient process.

**IT IS SO ORDERED.**

Dated: June 30, 2014

_____
BETH LABSON FREEMAN
United States District Judge