UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SONDRA J ALLPHIN,<br><br>Plaintiff,<br><br>v.<br><br>PETER K. FITNESS, LLC, et al.,<br><br>Defendants. | Case No. 13-cv-01338-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE CERTAIN EXHIBITS UNDER SEAL**<br><br>[Re: ECF 162] |

Defendants move the Court for leave to file under seal six exhibits to the Declaration of Juliet M. Lompa, which was filed concurrently with Defendants' joint opposition to Plaintiff's motion for partial summary judgment. *See* ECF 152. Defendants request to file exhibits 1, 2, 3, 6, 7, and 9 to the Lompa Declaration under seal in their entirety. Each exhibit is a report prepared by physicians retained for this litigation by Defendants, and as such the six exhibits contain Plaintiff's confidential medical records.[1] Plaintiff has designated these materials as confidential. *See* Mot., ECF 162 at 2. Defendant does not seek to seal any references or quotations of these exhibits made in Defendants' joint opposition to the motion for summary judgment. *See id.* at 3. ("Public access to the documents are (sic) not necessary for the public's understanding . . . as pertinent parts of the medical documents are referenced and quoted in Defendants' opposition.").

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party "seeking to seal judicial records can overcome the strong

---

[1] The parties previously filed a stipulated request to remove these six exhibits from the docket, which the Court granted. *See* ECF 157. The Court requested that Defendants file a motion to file these documents under seal. Plaintiff was given until January 13, 2015 to file an opposition to this sealing request, *see id.*, and has not filed any such opposition.

presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

Courts in this district, and across the country, have recognized that the need to protect an individual's medical privacy qualifies as a "compelling reason" to seal those records in connection with a dispositive motion. *See San Ramon Reg'l Med. Cntr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1, *5 (N.D. Cal. Jan. 10, 2011); *see also Williams v. Nevada Dep't of Corr.*, 2014 WL 3734287, at *1 (D. Nev. July 29, 2014) (compiling cases). The Court therefore finds that Defendants' sealing request meets this circuit's "compelling reason" standard. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Here, Defendants' request seeks only to seal those exhibits that include Plaintiff's confidential medical records. The Court finds Defendants' request narrowly tailored, consistent with Civil Local Rule 79-5(d)(1)(B). As such the Court GRANTS Defendants' motion. Exhibits 1, 2, 3, 6, 7, and 9 to the Lompa Declaration, ECF 152, shall be sealed. Consistent with the Defendants' sealing request and Plaintiff's non-opposition, references to information contained in these sealed documents in Defendants' joint opposition to Plaintiff's motion for partial summary judgment shall not be sealed.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
BETH LABSON FREEMAN
United States District Judge